**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**AUBREY ANTHONY HICKS**                                          **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO: 4:10CV11-LRA**

**COMMISSIONER CHRISTOPHER EPPS, ET AL**              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

THIS CAUSE is before the Court on the Motion to Dismiss for Failure to Exhaust Available Administrative Remedies, ECF No. 18, filed by Defendants Christopher Epps, Emmitt Sparkman and Ron Williams. Also before the Court is the Motion to Dismiss for Failure to Exhaust Administrative Remedies, ECF No. 24, filed by Defendants Warden Dale Caskey, Angela Easom, Conchita Dunn, Robert Grubb, James Pilkinton, Warden Bart Grimes, and Clara Thomas. The Court has considered all the pleadings filed in this case, Plaintiff's sworn testimony given at the omnibus hearing, and the applicable law. This review compels the Court to find that the motion is meritorious and should be granted.

**I.**      **Facts & Procedural History**[1]

Hicks's sworn testimony at the omnibus hearing, and the Complaint, reveal the following relevant facts. Plaintiff has been incarcerated in the custody of the Mississippi

---

[1] The facts are presented in the light most favorable to Plaintiff, and they largely come from Plaintiff's testimony and pleadings. The affidavit submitted by Defendants in support of the Motion for Summary Judgment was also utilized.

Department of Corrections at the East Mississippi Correctional Facility ["EMCF"] in Meridian, Mississippi, from September 24, 2007, through the present.[2]

Plaintiff claims that his conditions of confinement while housed at EMCF have been constitutionally inadequate.  Specifically, he has been exposed to extremely cold weather due to the fact that the heat in his cell does not work.  Because of the cold, he must wear his shoes and stay fully clothed while trying to sleep.  He is unable to sleep.  He started getting a cold in October 2009 and suffered from flu-type symptoms.  He was given the flu shot, but it was not strong enough.  Even the dining hall was cold, and this kept him sick.  He was unable to get adequate medical care for his cold or flu.  He was given a cold pack medication about three times, but this was not strong enough and did not help.  He saw the physician several times.  The medications he was given were not strong enough; they were for a child, not an adult.  He kept his cold for three or four months, throughout the winter of 2009-2010.  He finally got well.    Plaintiff testified that he did not have any permanent injuries as a result of these conditions.  He was "just uncomfortable" all the time.

Plaintiff asserts that these Defendants, who are his custodians, are subjecting him to mental, physical, and emotional distress and cruel and unusual punishment.  Although he has requested help from each one of them, they have failed to help him.

---

[2]See ECF No. 21, p. 2, n. 1.

Plaintiff contended that he sent complaints to Wardens Caskey and Grimes, who forwarded the complaints to unit manager Clara Thomas. He contends that he sent an ARP and a complaint regarding these conditions directly to Commissioner Epps and Sparkman.

Plaintiff demands both compensatory and punitive damages in the amount of $90,000, with each Defendant paying $7,500. He also asks that each Defendant be reprimanded in his or her official capacity, and that he be immediately transferred to Parchman.

## II.   Standard

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The substantive law establishes those elements on which a plaintiff bears the burden of proof at trial; only facts relevant to those elements of proof are considered for summary judgment purposes. *Id*. at 322. There is a genuine factual dispute between the parties only "when a

reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

## III.   Analysis

Defendants request the Court to dismiss all of Plaintiff's claims due to the fact that Hicks failed to exhaust his administrative remedies prior to filing this lawsuit as to *any* of the claims contained in the Complaint.  In support, Defendants have attached the Affidavit of M. Lee Carmichael, Administrative Remedies Program [ARP] Coordinator at EMCF, ECF No. 18-3.  The information contained in this affidavit has not been rebutted by Plaintiff with competent evidence.

Ms. Carmichael is the ARP Coordinator and custodian of ARP records and files at the EMCF.  She states that Aubrey Hicks did not file a Grievance concerning exposure to extreme cold weather; denial of adequate medical treatment for flu-type cold and not being able to sleep; physical and emotional distress; or, cruel and unusual punishment.

Plaintiff filed a response to the motion, stating that he considered his complaints a "sensitive issue."[3]  For that reason, he sent his grievance directly to MDOC Commissioner Christopher Epps and not via the ARP department at EMCF.  Plaintiff asserted that Mr. Epps returned the ARP to him as not being deemed a sensitive issue.  He also sent a letter to Deputy Commissioner Sparkman.  This was treated as an ARP but returned to him.

---

[3]ECF No. 21, pp. 2-3.

4

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, contains an "'invigorated' exhaustion provision, § 1997e(a)." *Woodford, et al. v. Ngo*, 548 U.S. 81, 84, (2006) (citing *Porter v. Tussle*, 534 U.S. 516, 524 (2002)).

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility, until such administrative remedies as are available are exhausted.
> 42 U.S.C. § 1997e(a) (1995).

The PLRA requires a prisoner to "exhaust all 'available' remedies, not just those that meet federal standards. . . . As [the Supreme Court] held in *Booth*, a prisoner must now exhaust all administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." *Woodford*, at 85 (citing *Booth v. Churned*, 532 U.S. 731, 739 (2001)). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id*. at 85 (citing *Booth*, at 739). Exhaustion is "required for any suit challenging prison conditions, not just for suits under § 1983." *Id.*, at 85 (citing *Porter v. Tussle*, at 524).

In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88, 93. The Court reasoned that a "prisoner who does not want to participate in the prison grievance system will have little

incentive to comply with the system's procedural rules unless noncompliance carries a sanction." *Id.* at 95.

The requirement of exhaustion applies regardless of the prisoner's opinion on the efficacy of the institution's administrative remedies program. *Alexander v. Tippah County, MS*, 351 F.3d 626, 629 (5th Cir. 2003). It is not for the court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness." *Booth*, 532 U.S. at 740 n. 5. Thus, regardless of the relief that a prisoner seeks, he must first exhaust any administrative remedy that is available to him.

The failure to exhaust is an affirmative defense that a prisoner is not required to plead; the defendant must plead and prove the prisoner's failure to exhaust. *Jones v. Bock*, 549 U.S. 199, 204 (2007). *See also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (applying *Jones*). In Hicks's case, Defendants have proven this affirmative defense by substantial evidence which has not been rebutted. The Court finds that Defendants' burden of proof has been met; Hicks has not exhausted his administrative remedies.

In this case, Hicks asserts that his complaints were "sensitive" so he sent his ARPs to the Commissioners rather than proceeding through the EMCF ARP program. The complaints were rejected and returned to him. Once those were returned, Plaintiff should have filed an ARP through the EMCF program; he cannot immediately seek relief in this Court without properly exhausting the ARP program. He is not allowed to choose how he will exhaust his administrative remedies.

6

Plaintiff's primary complaint was that he was not given proper heat within the prison. This is an example of a problem which very well may have been resolved if Plaintiff had participated in the ARP program. He cannot utilize the ARP program only when he wants to. His participation is mandatory if he wishes to pursue his claims in federal court.

For these reasons, Plaintiff may not proceed in this case because he did not exhaust his ARP remedies. The Complaint shall be dismissed without prejudice, although the Court recognizes that Hicks may no longer be able to properly exhaust his ARP remedies regarding the claims set forth in his Complaint due to untimeliness. Because Hicks cannot proceed further in federal court due to his failure to exhaust, it is unnecessary for the Court to consider the merits of his claims at this time.

**IV.     Conclusion**

The Court finds that there are no genuine issues as to any material fact regarding the issue of exhaustion of Hicks's claims against these Defendants, and all Defendants are entitled to a judgment as a matter of law under Rule 56(c) of the Federal Rules of Civil Procedure.

THEREFORE, it is hereby ordered that Defendants' Motions to Dismiss, ECF Nos. 18 & 24, are GRANTED, and Defendants are dismissed without prejudice.

SO ORDERED, this the 10th day of November, 2010.

                                        /s/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE